IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | No. 1:17-cv-01353 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| SANDRAMAE V. NAGLE, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff's motion for default judgment. (Doc. No. 6.) As Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff.

## I.  BACKGROUND

On August 1, 2017, the United States of America ("Plaintiff"), instituted the instant mortgage foreclosure action by filing a complaint against Defendant Sandramae V. Nagle ("Defendant"), to foreclose on certain real property located at 233 N. 5th Street Minersville, Pennsylvania 17954 ("the Property"). (Doc. No. 1.) The complaint alleges that Plaintiff, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service of the United States Department of Agriculture, loaned Defendant and Robert E. Nagle, Sr. ("Mr. Nagle"), the sum of $44,000.00 on or about May 2, 1994, pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, et seq., to finance the purchase of the Property, evidenced by a promissory note (the "note"), executed and delivered to Plaintiff the same day. (Id. ¶¶c3-4.) As security for payment on the note, Defendant and Mr. Nagle executed and acknowledged a real estate mortgage (the "mortgage"), granting, conveying, and mortgaging the

1

Property to Plaintiff. (Id. ¶ 5.) The mortgage was duly recorded on May 2, 1994 with the Office of the Recorder of Deeds in Schuylkill County, Pennsylvania. (Id.) Mr. Nagle died on February 7, 2013, and thus, by operation of law, title vests solely in Defendant. (Id. ¶ 6.) Plaintiff remains the owner and holder of the note and mortgage. (Id. ¶ 7.)

According to the complaint's allegations, the note and mortgage are presently in default, as Defendant has failed to tender installments of the principal and interest when due, remit real estate taxes when due, and maintain the security of the Property. (Id. ¶ 8.) By Plaintiff's calculation, the amounts due and owing on the note and mortgage as of the date of the complaint are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $22,231.40 |
| Interest from 01/02/2015 to 04/14/2017 at 6.5000% | $3,303.45 |
| | $25,534.85 |
| Escrow / Impound Required | +$704.29 |
| Fees Required with payoff Funds | +$999.60 |
| Fees Currently Assessed | +$8,940.37 |
| | $36,179.11 |

(Id. ¶ 11.) Due to Defendant's purported default in the performance of her obligations under the note and mortgage, Plaintiff has elected to declare the entire amount of indebtedness, secured by the mortgage and evidenced by the note, immediately due and payable. (Id. ¶ 9.) A notice of its intention to foreclose was mailed to Defendant's last known address via certified mail. (Id. ¶ 12.)

A review of the docket reveals that Defendant waived service of the summons and complaint on August 17, 2017. (Doc. No. 3.) However, Defendant failed to appear, answer, move, or otherwise respond to Plaintiff's complaint within sixty (60) days from the date the request to waive service was received. Consequently, Plaintiff filed a request with the Clerk of

Court to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 11, 2017. (Doc. No. 5.) On October 12, 2017, the Clerk entered default against Defendant. (Doc. No. 9.) Concurrently with its request for the entry of default, Plaintiff filed a motion for the entry of default judgment against Defendant (Doc. No. 6), together with a brief in support thereo (Doc. No. 7), and affidavit of non-military service (Doc. No. 8).

As Defendant has not responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff

if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Yet, if the defendant has been properly served but fails to appear, plead, or defend an action, a court may "enter a default judgment based solely on the fact that the default occurred," without considering the Chamberlain factors. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citations omitted). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." E. Elec. Corp. of N.J. v. Shoemaker Constr. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.    DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion, supporting brief, exhibits and accompanying affidavits, the Court finds that entry of default judgment against Defendant and in favor of Plaintiff is appropriate.  As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for mortgage foreclosure, as Plaintiff has shown "the existence of an obligation secured by a mortgage, and a default on that obligation."  United States v. Sourbeer, No. 1:16-cv-1161, 2016 WL 5373641, at *1 (M.D. Pa. Sept. 26, 2016) (quoting United States v. Abell, No. 1:09-cv-715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012)).  Moreover, Plaintiff has offered support for its claim for a sum certain of $36,179.11 in the relevant documents and affidavit accompanying the request for default judgment.  (Doc. No. 6 at 2); Sourbeer, 2016 WL 5373641, at *2 ("There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees . . . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.'") (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 929 (9th Cir. 2004)).

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendant.  First, Plaintiff will be prejudiced if the Court declines to enter default judgment, as Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendant.  See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend.").  Second, Defendant has not asserted a meritorious defense

5

to Plaintiff's claims through the filing of an answer or other responsive pleading to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011) (Kane, J.). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for her failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of any excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment. (Doc. No. 6.) An appropriate Order follows.

6